# Wagner's Estate.

*Will—Charitable bequest—Proof of testamentary writing—Act of April 26, 1855, P. L. 328—Delivery.*

1. A writing in the form of a note or bond payable to the treasurer of a church congregation, one year after the maker's death, and witnessed by three subscribing witnesses, is sufficiently proven under the Act of April 26, 1855, P. L. 328, twenty years thereafter, and after the date of the death of testator, by the testimony of two of the surviving witnesses as to their own signatures, and the signature of the maker, by proof of the signature of the deceased witness, and by proof that all three of the witnesses were credible and reputable men in no way interested in the transaction.

2. Delivery of such paper is sufficiently proven by evidence that the maker delivered it to the pastor of the congregation at the time of its execution, and when both were away from home; that the paper remained in the pastor's family until the death of the maker; that the maker continued during the whole period following the making of the note, connected with the church; and that he had made statements regarding the existence of the paper when requested for a contribution towards a new church. Under the circumstances it was immaterial that the note was not delivered to the treasurer of the congregation to whom it was made payable.

Argued Nov. 12, 1912. Appeal, No. 41, Oct. T., 1912, by Hannah Agnes Adams, from decree of O. C. Berks Co., June T., 1911, No. 47, dismissing exceptions to adjudication in Estate of Reuben Wagner, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to adjudication. Before BLAND, P. J.

· The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing exceptions to adjudication.

*Joseph R. Dickinson,* with him *Lee Friday* and *Ira, G. Kutz,* for appellant.—The proof of the delivery of the paper was insufficient: Paxson's Estate, 221 Pa. 98; Com.

v. Kendig, 2 Pa. 448; Campbell's Estate, 7 Pa. 100;
McGlade's App., 99 Pa. 338; Trough's Estate, 75 Pa.
115; Cook v. Brown, 34 N. H. 460; Carey v. Dennis, 13
Maryland, 1; Sunday's Estate, 167 Pa. 30.

The paper was not sufficiently proven: Gregg's Estate,
213 Pa. 260; Fitzpatrick v. Brigman, 130 Ala. 450; Chase
v. Breed, 71 Mass. 440; Perkins v. Thompson, 123 N. C.
175 (31 S. E. Repr. 387); Eckman v. Eckman, 55 Pa. 269;
Thompson v. Lloyd, 49 Pa. 127; Fross's App., 105 Pa. 258;
Diehl v. Emig, 65 Pa. 320; Powers v. Russell, 30 Mass. 69;
In re McMulkin, 6 Dem. (N. Y.) 347; Lockwood v. Lock-
wood, 51 Hun (N. Y.), 337; Haynes v. Haynes, 33 Ohio,
598.

*D. Nicholas Schaeffer*, with him *James B. Baker*, for
appellee.—There was a sufficient delivery: Kern's Estate,
171 Pa. 55; Hummel's Estate, 161 Pa. 215; Stephens v.
Huss, 54 Pa. 20; Stephens v. Rinehart, 72 Pa. 434.

The note in question was duly attested as required by
the Act of April 26, 1855, P. L. 328: Paxson's Estate, 221
Pa. 98; Beswick's Estate, 13 Pa. Dist. Rep. 711; Kirk v.
Carr, 54 Pa. 285; Huston v. Ticknor, 99 Pa. 231; Gould v.
Chic. Theo. Sem., 189 Ill. 282 (59 N. E. Repr. 536); Skinner
v. American Bible Soc., 92 Wis. 209 (65 N. W. Repr. 1037).

OPINION BY HEAD, J., April 21, 1913:

The instrument out of which this controversy arises, if
accepted for what it purports to be, satisfies in form at
least every requirement of the statute. It is in writing,
signed and sealed by the maker and attested by three
subscribing witnesses. The maker of this note or bond
lived more than twenty years after the date of its execu-
tion and delivery. He remained during all of that period
actively interested in the church congregation for whose
benefit he gave the note. During most, if not all, of the
time he himself continued to be one of the officers of that
congregation as he was at the time he made the note.
This note, according to its terms, became payable one

year after the death of the maker. The latter died in 1910. When, upon the adjudication of his estate, this note was presented for payment by the congregation for whose benefit it was given, objection to its payment was made by the appellant, one of the general legatees of the testator under his will, on two grounds chiefly:

(a) That it did not appear that the instrument had been executed in the manner prescribed by the act of 1855.

(b) That there was no sufficient evidence of its delivery by the testator in his lifetime.

The learned court below disposed of both questions adversely to the exceptant, and this appeal followed.

1. The evidence leaves no room to doubt that the instrument was signed by the maker, and we have no contention as to that important fact. Of the three persons whose names appear on the note as attesting and subscribing witnesses, two survived the maker and testified before the auditing judge. The third predeceased the maker and the genuineness of his signature was established by due proof. So far as he was concerned, the legal presumption would be, following such proof, that he had placed his signature there in the manner required by the law to make him an attesting witness. Nothing was offered to remove such presumption. Of the remaining two witnesses one testified that he saw the maker sign the note and at the same time placed his own signature upon the paper in the presence of the maker and either at his request or with his assent. The remaining witness was called in at the same time. He did not see the maker sign the note, that having been already done, but heard him acknowledge his signature and then and there attached his name as a witness in the presence of the maker either at his request or with his assent. These witnesses, as the learned court below found, were credible, reputable men, in no way interested in the transaction. It would be straining the law therefore to have rejected the paper on the first ground on which it was attacked.

2. There is evidence warranting the inference that on

the day and at the time the note was made it was delivered to Rev. Mr. Fritch, the pastor of the congregation to which the maker belonged, and that it remained in his possession from the time of its execution in 1888 until just before his death in 1897. He then turned the paper over to his wife, who in turn kept it until just before her own death when she delivered it to her daughter. During all of these years Wagner, the maker, was living and connected with the church work. He never made any effort to regain possession or control of the paper or question the action in which he had given it. It is further in evidence that some time after the paper had been executed and delivered in the manner stated, the congregation undertook the erection of a new church. At that time the pastor applied to the deceased for some further contribution to the work. The latter stated that he felt unable to make any further subscription, but added, in the presence of the witness who testified at the audit, that he had given her father a paper. "Q. Your father (Rev. Mr. Fritch) wanted money at that time from Mr. Wagner? A. Yes, sir, for the benefit of the church. Q. At that time? A. Yes, sir. Q. Why didn't he give it to him? A. He said he couldn't. He said he had given him a paper, he had the paper." It would certainly be no violent inference from all of the evidence that the pastor and those undertaking the work of building the new church had in view the fact that sooner or later this note would be available as an asset of the congregation. We do not regard it as of any particular significance that the note was not delivered to the treasurer of the congregation. It was made at a time when the pastor and the deceased were absent from home attending classis as delegates of their own congregation. The note was made payable to the then treasurer or his successor "for said congregation." It does not appear that the congregation was an incorporated body. The pastor was an officer of that congregation, perhaps its first officer, and there is nothing in the evidence to show that a delivery of the note to him should

not be regarded in the same light as if such delivery had been made to the treasurer whose name appears in it. We are satisfied as well on this branch of the case as the other that the learned court below made no mistake in distributing out of the estate of the deceased to the proper officers of the congregation the money called for by the note. The appeal is therefore dismissed at the costs of the appellant and the decree is affirmed.